IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANSON SMITH | : | CIVIL ACTION |
| | : | |
| v. | : | No. 17-2818 |
| | : | |
| ANDREW SAUL,[1] | : | |
| *COMMISSIONER OF SOCIAL* | : | |
| *SECURITY* | : | |

## MEMORANDUM

**Juan R. Sánchez, C.J.**                                              **December 18, 2019**

Plaintiff Anson Smith applied for social security benefits. His application was denied by an Administrative Law Judge (ALJ). He appealed the denial to this Court. Magistrate Judge Caracappa issued a Report and Recommendation (R&R) affirming the ALJ's decision. Smith objected to this report and recommendation. After a de novo review of the record, this Court will overrule Smith's objections and adopt Judge Caracappa's R&R.

**BACKGROUND**

Smith claims that he suffers from severe psychological disorders including bipolar disorder. In a decision issued on December 29, 2015, the ALJ found Smith not disabled after applying the Social Security Administration's five-step sequential evaluation process for determining whether an individual is disabled. See 20 C.F.R. § 404.1520. Among other findings, the ALJ found that Smith did not have an impairment that was as severe as one of the impairments listed in the first Appendix to Subpart P of. 20 C.F.R., Part 404 (the Appendix). Further, the ALJ found that Smith had the Residual Functional Capacity (RFC) to perform medium work as defined in section 404.1567(c) and 416.967(c), limited to routine and repetitive tasks not at a production

---

[1] Andrew Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Federal Rule of Civil Procedure 25(d), Saul is substituted for Nancy A. Berryhill as the Defendant in this case.

rate pace, occasional interaction with co-workers, and occasional changes in routine work setting. Finally, although the ALJ determined Smith is unable to perform his past work as a retail stock clerk, the ALJ concluded that there are still jobs within the economy that he could perform.

In his Request for Review, Smith argued the ALJ's decision was not supported by substantial evidence because he failed to (1) find that Smith's mental impairments qualified under sections 12.04 and 12.06 of the Appendix; (2) adequately account for all of Smith's symptoms when determining his RFC; (3) ask key questions to a vocational expert before determining there were jobs in the economy Smith could perform; and (4) fully consider the credibility of Smith's testimony regarding his symptoms. On August 20, 2018, Judge Caracappa issued an R&R addressing these alleged errors, concluding the ALJ's decision was supported by substantial evidence, and recommending the Commissioner's denial of benefits be affirmed.

On September 10, 2018, Smith filed objections to the R&R reasserting arguments he made in his Request for Review. Specifically, Smith again raised arguments about the ALJ's findings regarding: (1) sections 12.04 and 12.06 of the Appendix; (2) Smith's RFC; and (3) Smith's credibility. Smith also made an argument about his Global Assessment of Functioning (GAF) scores, which he previously raised in front of Judge Caracappa in connection with his credibility argument. See Objs. 3-13. GAF scores are a method of evaluation formerly used by psychiatrists to judge how well a patient is functioning. Pursuant to 28 U.S.C. § 636(b)(1), this Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made."

**DISCUSSION**

Upon de novo review of the record, and considering that Judge Caracappa has already fully considered and addressed the arguments set forth in his objections, Smith's objections are

overruled for the reasons stated in the R&R. The Court will, however, briefly address Smith's credibility argument and his argument about his GAF scores.

The ALJ did not err when he found Smith only partially credible. An ALJ may find a claimant not credible or partially credible if it articulates reasons for doing so. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 433 (3d Cir. 1999) ("The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision."); see also Salles v. Comm'r of Soc. Sec., 229 F. App'x 140, 146 (3d Cir. 2007) ("Inconsistencies in a claimant's testimony or daily activities permit an ALJ to conclude that some or all of the claimant's testimony about her limitations or symptoms is less than fully credible.")

Smith argues the ALJ failed to properly explain his credibility determination because he listed evidence without specifically stating the reason that Smith's testimony was not credible. The Court disagrees. The ALJ explained in detail that the medical evidence and witness statements contradicted Smith's statements about the severity of his psychological symptoms. For example, Smith's doctors reported that he was able to communicate with them and he was socially functional. Both Smith and his mother also reported that he took care of himself by doing things like cooking simple meals, doing laundry, walking and riding his bike to destinations like the mall, and using his phone and computer to communicate with others. It is clear from the ALJ's opinion that the ALJ considered Smith's testimony and found it not credible to the extent it was inconsistent with other evidence showing Smith was functional despite some impairments. Thus, the ALJ did not err when it found Smith only partially credible.

The ALJ also did not err when it decided to give Smith's GAF scores little weight. An ALJ may give evidence little or no weight when the ALJ explains his reasons for doing so. Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001) ("[T]he ALJ may weigh the credibility of the evidence,

[but] he must give some indication of the evidence that he rejects and his reason(s) for discounting that evidence.").

Smith says the ALJ was required to give his GAF scores more weight under social security guidance. SSA AM-13066 (July 13, 2013). This guidance, however, simply allows ALJs to weigh the GAF score as they would other opinion evidence. It does not mandate that ALJs give the GAF score great weight. In fact, a revised version of this guidance clarifies that "[u]nless the GAF rating is well supported and consistent with other evidence in the file, it is entitled to little weight." SSA AM-13066 (October 14, 2014). Here, the ALJ explained that GAF scores are no longer endorsed by the Psychiatric profession because they are subjective. The ALJ also described in detail the other medical evidence which indicated that Smith was high functioning. The ALJ therefore did not err in giving Smith's GAF scores little weight.

This Court will not address Smith's two additional objections as they were each fully considered and rejected in the R&R. In addition, those two objections were largely dependent on his credibility objection, which the Court has addressed above. Accordingly, the Court finds the ALJ's decision was supported by substantial evidence, Smith's objections to the R&R are overruled, and the R&R is approved and adopted.

An appropriate order follows.

BY THE COURT:


Juan R. Sánchez
Juan R. Sánchez, C.J.